IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60253
Summary Calendar
_____


BESSIE WASHINGTON,

                                        Plaintiff-Appellant

v.

ENTERGY OPERATION, INC.; DON HINTZ,

                                        Defendants-Appellees

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:99-CV-61-BN
_____

October 31, 2000

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Plaintiff-Appellant Bessie Washington appeals from the

district court's grant of summary judgment in favor of

Defendants-Appellees, Entergy Operation, Inc. and Don Hintz,

Chief Executive Officer of Entergy Operation, Inc.  For the

following reasons, we AFFIRM.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In November 1990, Bessie Washington, an African-American female, was hired by Entergy Operations, Inc. (EOI).  She was transferred to Entergy Service, Inc. (ESI) in May 1995.  Washington received annual merit pay increases at both EOI and ESI until a negative performance appraisal at ESI in 1997.  On March 12, 1999, she filed suit against EOI and Don Hintz, in his individual capacity and in his capacity as CEO of EOI, claiming unlawful discrimination on the basis of race.

Washington alleged three causes of action in her complaint: failure to promote due to race, payment of disparate wages due to race, and creation of a racially discriminatory working environment.  On January 7, 2000, Defendants filed a Motion for Summary Judgment.  In response, Washington requested a voluntary dismissal of the promotion and working environment claims, pursuant to Rule 41 of the Federal Rules of Civil Procedure.  The district court, on March 2, 2000, granted Washington's Rule 41 motion on those two claims and also awarded Defendants summary judgment on the remaining disparate wages claim.[1]

On March 21, 2000, Washington filed her Motion to Amend and to Make Additional Findings of Fact and Conclusions of Law and to Amend Opinion and Judgment ("Rule 52 and 59(e) Motion").  On

---

[1] In the same opinion, the district court also denied Washington's motion to strike the affidavit of Ronald Husbands, one of Washington's supervisors.  Washington is not appealing this portion of the district court's decision.

March 29, 2000, Washington filed a timely notice of appeal of the March 2 decision granting Defendants summary judgment. The district court, on April 11, 2000, denied the Rule 52 and 59(e) Motion. Washington did not amend her Notice of Appeal to include this decision; she asks us to review only the March 2 decision.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. See Burch v. City of Nacogdoches, 174 F.3d 615, 618 (5th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000) (internal quotations and citation omitted). Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party. See Burch, 174 F.3d at 619.

## III.  DISCUSSION

The district court granted Defendants' summary judgment motion on the ground that Washington had sued the wrong parties. Before proceeding to ascertain whether summary judgment was proper, we address a threshold issue that impacts the evidence we may consider in making that determination.

### A.  The Agency Argument Has Been Waived

On appeal, Washington primarily utilizes an agency theory to argue that Defendants are the appropriate parties to this action. In essence, she claims that Defendants and ESI were acting as co-agents. Because this theory was raised for the first time in the Rule 52 and 59(e) Motion, and not during the summary judgment proceedings, Defendants assert that the agency argument was not properly presented to the district court. As such, Defendants contend that consideration of this argument on appeal is precluded. In response, Washington states that she is not appealing from the denial of the Rule 52 and 59(e) Motion, but only from the grant of summary judgment to Defendants.[2]

"It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000); see also Hormel v.

---

[2] Washington does not put forth any arguments that she has preserved the use of the agency theory. She appears simply to continue to use the theory in support of her contention that Defendants are proper parties in this case.

4

Helvering, 312 U.S. 552, 556 (1941) (stating the general rule that an appellate court does not consider issues not raised below); Harris County, Tex. v. Carmax Auto Superstores, Inc., 177 F.3d 306, 326 (5th Cir. 1999) (same). Furthermore, "[t]his rule is equally applicable in summary judgment cases." Stewart Glass, 200 F.3d at 316; see also Hansen v. Continental Ins. Co., 940 F.2d 971, 983 n.9 (5th Cir. 1991) ("It is settled law that a party attacking a summary judgment on appeal cannot do so on theories not presented to the district court.").

In this case, Washington did raise the agency theory in the district court in her Rule 52 and 59(e) Motion. However, because that motion was filed after the district court granted Defendants summary judgment, Washington is not immune from the application of the rule stated above. The operative inquiry is not merely whether the issue was raised below, but rather whether the issue was advanced in the proper time frame. The defect in Washington's case is that she failed to raise the argument in the appropriate context — during the summary judgment proceedings.

"This court's inquiry is limited to the summary judgment record before the trial court: the parties cannot add exhibits, depositions, or affidavits to support their positions on appeal, nor may the parties advance new theories or raise new issues to secure reversal." Topalian v. Ehrman, 954 F.2d 1125, 1131-32 n.10 (5th Cir. 1992) (emphasis added); see also Little v. Liquid Air Corp., 37 F.3d 1069, 1071 n.1 (5th Cir. 1994). We thus hold

5

that the agency theory was not properly before the district court because Washington did not "raise [her] argument to such a degree that the district court [could] rule on" whether it impacted the propriety of granting Defendants' summary judgment motion.  See Harris County, 177 F.3d at 326.[3]  Therefore, we do not consider this argument on this appeal.[4]

### B. The Wrong Defendants Were Sued

After her Rule 41 voluntary dismissal, Washington's sole claim was that she was paid disparate wages as a result of discrimination on the basis of race.  This alleged discriminatory act stemmed from Washington being given an unacceptable ranking during the annual work appraisal in 1997, while an allegedly less qualified white male was given an acceptable ranking and thus a merit raise.  Although Washington was working for ESI in 1997,[5] she did not name ESI as a defendant in this suit.  Washington

---

[3] In addition, one cannot even make the argument that Washington impliedly raised the agency theory because she wholly failed to address the issue of wrong defendants in her Response to Defendants' Motion for Summary Judgment.

[4] Washington also does not meet the narrow exception to the rule that issues not properly raised below are precluded from appellate review.  The exception operates to permit consideration when the issue "concerns a pure question of law and a refusal to consider it would result in a miscarriage of justice." Volkswagen of America, Inc. v. Robertson, 713 F.2d 1151, 1166 (5th Cir. 1983).  In this case, Washington's argument that Defendants are related to and/or agents of her employer ESI necessarily involves factual determinations, which are the province of the trial court.

[5] EOI had ceased being her employer when she was transferred to ESI in May 1995.

sued only EOI and Hintz, individually and as CEO of EOI.

Because we determined in section III.A that we could not consider Washington's agency arguments to support her contention that Defendants are proper parties to this action, we find only one other argument remaining. Washington points to her deposition and supplemental interrogatory responses in which she testified that Hintz adopted and approved the ranking process that denied her a merit raise.[6] There is no other information in the summary judgment record regarding the relationship between EOI, Hintz, and ESI. We thus find that Washington's deposition and supplemental interrogatory responses are insufficient to create a genuine issue that Defendants are proper parties to this suit — that they were related or connected to ESI in some fashion. See Hainze v. Richards, 207 F.3d 795, 798 (5th Cir. 2000) ("The standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record evidence before the court." (internal quotations and citation omitted)).

Based on the summary judgment record before the district court, we agree with the district court that Washington did not

---

[6] While Defendants imply that such "self-serving" allegations are not appropriate evidence, Rule 56(c) of the Federal Rules of Civil Procedure clearly states that "depositions" and "answers to interrogatories" are properly considered when deciding a summary judgment motion.

carry her burden to demonstrate that a genuine issue existed whether Defendants were proper parties to this suit.

## IV.  CONCLUSION

For the above stated reasons, we AFFIRM the judgment of the district court.